IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNATHAN DASHAWN WILLIAMS,[1] #Y14702, <br><br> Plaintiff, <br><br> v. <br><br> RYAN C. DENNISON, and DAVID M. BURTON, <br><br> Defendants. | Case No. 20-cv-00685-RJD |

## MEMORANDUM AND ORDER

**MAGISTRATE JUDGE REONA J. DALY:**

Plaintiff Johnathan Williams, an inmate of the Illinois Department of Corrections who is currently incarcerated at Vienna Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Williams claims that he was subjected to excessive force. He seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[2] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be

---

[1] The Clerk of Court is **DIRECTED** to correct the spelling of Plaintiff's name, as indicated in the Complaint: Johnathan Dashawn Williams. (Doc. 1).

[2] The Court has jurisdiction to screen the Complaint in light of Williams's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Williams alleges the following: On August 29, 2019, Williams missed the call for dinner line, "chow," for his housing unit, 4C, because he had overslept. (Doc. 1, p. 6). He approached the door and asked the wing officer, Officer Burton, if he could make the next line. Officer Burton did not verbally respond but shook his head no. Williams then knocked on the door to get Officer Burton's attention. Officer Dennison, the wing officer for unit 4, A and B wings, rushed into the wing and opened the door. As the door opened, Williams leaned half his body out of the door trying to ask Officer Burton if he could make the dinner line with D wing. Before Williams received an answer, Officer Dennison yanked his ID from around his collar saying, "I said no" and forcefully slammed the door shut. Williams's foot was still in the doorway when Officer Dennison slammed the door. Williams yelled four to five times, "You are smashing my foot please get the door off my foot," and "You are breaking my toe please get the door off my foot." (*Id.*). The metal door continuously applied pressure for over 30 seconds. Officer Burton just stood by and watched. Finally, Officer Dennison released the door, and Williams hopped back to the dayroom table, where he examined his toe. The nail was jammed and pealed back. (*Id.*). Williams was taken to the medical unit for treatment. (*Id.* at p. 7). He was also seen by an outside podiatrist and diagnosed with "plantar plate tear left foot with capsulitis of left fourth toe digit, MPJ vs left third interspace neuroma." (*Id.*).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts:

**Count 1:** Eighth Amendment claim of excessive force against Officer Dennison for slamming the door on Williamson's foot on August 29, 2019.

**Count 2:** Eighth Amendment claim of failure to intervene against Officer Burton for failing to stop Officer Dennison from using excessive force against Williams on August 29, 2019.

**Count 3:** First Amendment claim against Officer Dennison for retaliating against Williams for asking to be included in the dinner line for a different housing wing by slamming the door on his foot.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

### Count 1

"The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *De Walt v. Carter*, 224 F.3d 607, 619 (7th Cir.2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and

---

[3] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Unusual Punishments Clause, the core judicial inquiry is. . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7.

At this point in time, Williams has sufficiently pled a claim of excessive force against Officer Dennison, and Count 1 will proceed.

## Count 2

Under certain circumstances, "a state actor's failure to intervene renders him or her culpable under § 1983." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). An inmate asserting a failure to intervene claim under Section 1983 against officers who were present when the inmate's constitutional rights were violated by a different officer must show that the officers had reason to know that excessive force was being used, and the officers had a "realistic opportunity to intervene to prevent the harm from occurring." *Abdullahi v. City of Madison*, 324 F.3d 763, 774 (7th Cir. 2005) (*quoting Yang*, 37 F.3d at 284 (7th Cir. 1994)).

Williams alleges that Officer Burton "just watched and did nothing" as Officer Dennison did not "let the metal door go." These allegations are sufficient for Count 2 to proceed against Officer Burton for failing to intervene once Officer Dennison slammed the door on Williams's foot.

## Count 3

To succeed on a First Amendment retaliation claim, a plaintiff must plead 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that

the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). First Amendment protected activity includes actions such as filing a grievance, raising a verbal complaint, or filing a lawsuit over prison conditions, staff conduct, or a disciplinary action. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Bridges*, 557 F.3d at 552.

Williams alleges that he was retaliated against by Officer Dennison for requesting to eat with a different wing. His continued attempt to request to join another chow line after being denied by Officer Burton, by knocking on the door and leaning out the door once opened, however, is not conduct protected by the First Amendment, and so, Count 3 will be dismissed. *See Caffey v. Maue,* 679 F. App'x 487, 490-91 (7th Cir. 2017) ("Inmates retain a First Amendment right to complain about prison staff, whether orally or in writing, but only in ways consistent with their status as prisoners.") (citations omitted).

## MOTION FOR RECRUITMENT OF COUNSEL

Williams has filed a motion requesting the Court to recruit counsel on his behalf. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

In an attempt to recruit counsel on his own, Williams states that he has written three different law firms and one lawyer, and his family has written lawyers, but neither

he nor his family has received any responses. (Doc. 3, p. 1-2). In support of his Motion, Williams provides a list of the law firms he has written.

Simply providing the names of law firms, however, does not provide the Court with enough information to determine if Williams has made a reasonable effort of obtaining counsel on his own. Additionally, Williams provides conflicting statements regarding the types of responses he has received. He claims that he has not received any responses from the attorneys he has contacted but also states that attorneys have told him they do not like to take "jail house cases." (*Id.* at p. 1). Therefore, the Court finds that he has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel, and the Motion for Appointment of Counsel is denied. Should Williams choose to move for recruitment of counsel at a later date, the Court directs him to: (1) include in the motion the names and addresses of at least three attorneys he has contacted; and (2) if available, supporting documentation, such as the letters from the attorneys who declined representation or the authorization of payment form used to send the letters.

### OFFICIAL CAPACITY CLAIMS

Williams claims he is suing Defendants in their individual and official capacities, yet he is only seeking monetary damages. (Doc. 1, p. 10). State officials named in their official capacities may not be sued for monetary damages in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Therefore, the official capacity claims are dismissed.

### DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint survives preliminary review

pursuant to 28 U.S.C. § 1915A. **COUNT 1** shall proceed against **Dennison,** and **COUNT 2** shall proceed against **Burton**. **COUNT 3** is **DISMISSED without prejudice**.

The Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**.

The Clerk of Court shall prepare for **Dennison** and **Burton**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Williams. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Williams, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Because this suit addresses medical issues resulting from unconstitutional conduct, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk is further **DIRECTED** to correct the docket in accordance with footnote

1.

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Williams, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Williams is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   March 12, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.